LAWRENCE, Judge: The records indicate that there was no appearance on behalf of plaintiff when the appeals for a reappraisement enumerated on the schedule attached to and made part of this decision were called for hearing, and the cases were ordered submitted by the court.

Rule 5 (a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the records in the appeals before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper values of the merchandise are the values returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 8755)

GERHARD & HEY Co., INC. *v.* UNITED STATES

Entry Nos. 737975; 871965; 884092.

(Decided March 6, 1957)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The records indicate that there was no appearance on behalf of plaintiff when the appeals for a reappraisement enumerated on the schedule attached to and made part of this decision were called for hearing, and the cases were ordered submitted by the court.

Rule 5 (a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the records in the appeals before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper values of the merchandise are the values returned by the appraiser.

Judgment will be entered accordingly.

FEBRUARY 21, 1957

**Reap. Dec. 8756.—** ▮▮▮▮▮▮▮▮▮▮▮ *W. J. Byrnes & Co. of La., Inc., for: Torch Mfg. Co., Inc., et al.* v. *United States.* Entered at Los Angeles, Calif. Reap. Dec. 8727. Motion by plaintiffs.

FEBRUARY 26, 1957

**Reap. Dec. 8757.—** ▮▮▮▮▮▮▮▮▮▮▮ .—*Arbor Mfg. Corp.* v. *United States.* Entered at New York, N. Y. [Not published.] Motion by plaintiff.

FEBRUARY 26, 1957

**Reap. Dec. 8758.—** ▮▮▮▮▮▮▮▮ —*S. H. Kress & Co.* v. *United States.* Entered at Los Angeles, Calif., and Baltimore, Md. [Not published.] Motion by plaintiff.

MARCH 6, 1957

**Reap. Dec. 8759.—** ▮▮▮▮▮▮▮▮ —*S. S. Kresge Co. et al.* v. *United States.* Entered at New York, N. Y. [Not published.] Motion by plaintiffs.

(Reap. Dec. 8760)

ELLIS K. ORLOWITZ CO. *v.* UNITED STATES

Entry No. 853885.

(Decided March 15, 1957)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The record indicates that, at the call of the calendar, there was no appearance on behalf of plaintiff when the above-enumerated appeal for a reappraisement was called for hearing, and the case was ordered submitted by the court.